1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TIRAJO S.,

                    Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. 3:21-cv-05569-BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE**

13

14

15

16

17

       Plaintiff Tirajo S. seeks review of the denial of her application for Supplemental Security Income. She argues the ALJ misevaluated the medical evidence, her testimony, and the lay witness evidence; she also argues the ALJ erred in assessing her residual functional capacity and in finding her not disabled at step five. She seeks remand for an award of benefits. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

18

## DISCUSSION

19

20

21

22

23

       The Court will reverse the ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one

1    rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v.*

2    *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

3        **A.    Medical evidence**

4        Plaintiff argues the ALJ failed to properly evaluate the medical evidence. Dkt. 10 at 3.

5    When considering medical opinions (for applications filed on or after March 27, 2017), the ALJ

6    considers the persuasiveness of the medical opinion using five factors (supportability,

7    consistency, relationship with claimant, specialization, and other), but supportability and

8    consistency are the two most important factors. 20 C.F.R. § 416.920c(b)(2), (c). The ALJ must

9    explain in her decision how she considered the factors of supportability and consistency. 20

10   C.F.R. § 416.920c(b). The ALJ is not required to explain how she considered the other factors,

11   unless the ALJ finds that two or more medical opinions or prior administrative medical findings

12   about the same issue are both equally well-supported and consistent with the record, but not

13   identical. 20 C.F.R. § 416.920c(b)(3). The new regulations eliminate the agency's "treating

14   source rule," which gave special deference to treating doctors' opinions. 82 Fed. Reg. at 5853.

15       The Commissioner asserts that the new regulations are incompatible with the standards

16   for evaluating medical opinions developed under the prior regulatory scheme. Dkt. 11 at 4-5.

17   Plaintiff replies the new regulations do not supersede the standard developed over three decades

18   of jurisprudence. Dkt. 12 at 2. The Court has previously considered the effect of the new

19   regulations on prior standards and concluded they do not eliminate the "clear and convincing" or

20   "specific and legitimate" standards. *See*, *e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, Case No. C20-

21   461-RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new

22   regulations do not clearly supersede either the "specific and legitimate" standard or the "clear

23

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 2

1  and convincing" standard); *Christine A. v. Comm'r of Soc. Sec.*, Case No. C21-191-BAT, Dkt.

2  16 (W.D. Wash. Aug. 18, 2021) (same).

3        Also in her reply, plaintiff asserts the new regulations are invalid because they permit an

4  ALJ to discount a treating doctor's opinion without taking into account the treating relationship.

5  Dkt. 12 at 3-4. But plaintiff did not assert a prima facie challenge to the new regulations in her

6  complaint or her opening brief. Claims raised for the first time in a reply brief are deemed

7  waived. *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996) (issues raised for the first time in a

8  reply brief are deemed waived); *Center for Sierra Nevada Conservation v. U.S. Forest Service*,

9  832 F.Supp.2d 1138, 1164, n. 4 (9th Cir. 2011). This rule is particularly important in the Social

10  Security context, where, under this district's pilot program for Social Security cases, the

11  Commissioner may file the administrative record in lieu of an answer in cases in which the only

12  claim is to seek review of an ALJ decision under 42 U.S.C. § 405(g). *See* Amended General

13  Order 04-15; General Order 05-15. Because plaintiff did not assert any claims other than her

14  § 405(g) claim, the Commissioner did not file an answer. Plaintiff cannot assert a prima facie

15  challenge to a regulatory scheme for the first time in a reply brief and has therefore waived this

16  claim.

17        1.    *Dr. Goldfine*

18        Debra Goldfine, Ph.D., examined plaintiff in September 2018. Tr. 528-35. She diagnosed

19  plaintiff with persistent mood disorder and borderline personality disorder. Tr. 532. She opined

20  plaintiff had no impairment in the areas of understanding and memory, social interaction, or

21  adapting to change. Tr. 534. In the area of sustained concentration and persistence, Dr. Goldfine

22  opined plaintiff "is chronically depressed and has difficulty with sustained attention and

23

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 3

1    concentration periodically. She is chronically fatigued and lacks motivation which would make it

2    difficult for her to sustain a normal work routine reliably." Tr. 534.

3         The ALJ found Dr. Goldfine's opinion about the areas in which plaintiff would have no

4    limitations to be significantly consistent with the record. Tr. 29. With respect to Dr. Goldfine's

5    opinion about plaintiff's difficulties with sustained concentration and persistence, the ALJ found

6    that plaintiff maintained an active lifestyle, which included caring for a young child, which can

7    be quite demanding both physically and emotionally, and her ability to do so demonstrated her

8    ability to maintain a schedule. Tr. 29.

9         Plaintiff argues the ALJ's analysis is not supported by substantial evidence because her

10   activities, including caring for her child, are not inconsistent with Dr. Goldfine's opinion. Dkt.

11   10 at 3. Plaintiff also argues the ALJ's analysis is based on unfounded assumptions about the

12   ability of disabled people to care for a child and conflates her ability to care for her child with the

13   ability to sustain a normal work routine reliably. *Id.* Although the example of plaintiff's "active

14   lifestyle" the ALJ cited was her caring for her young child, the ALJ had previously discussed

15   plaintiff's activities elsewhere in the decision, including her reports that she spent time sewing

16   and making jewelry, she exercised three to four times per week, and she liked to sew, do art,

17   write, read at the library, hang out with her friend and her children, and spend time with her

18   boyfriend when she could. Tr. 24-25. The ALJ also previously noted plaintiff's reports that her

19   child had special needs and she was unable to spend all her time with her mother in the hospital

20   because she had to take her son to school and appointments. Tr. 26. The ALJ could reasonably

21   conclude the ability to engage in activities such as sewing, making art, and managing the school

22   and appointment schedule of a child with special needs was inconsistent Dr. Goldfine's opinion

23   of limitations on sustained concentration and persistence.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 4

Plaintiff also argues the ALJ did not give any reason for rejecting Dr. Goldfine's opinion that plaintiff would have difficulty with sustained attention and concentration periodically. *Id.* Although plaintiff faults the ALJ for failing to discuss each sentence Dr. Goldfine wrote about plaintiff's difficulties with sustained concentration and persistence, the ALJ did not err by assessing Dr. Goldfine's opinion about this area of functioning as a whole and was not required to parse the opinion sentence by sentence.

Plaintiff has failed to demonstrate that the ALJ's decision to discount Dr. Goldfine's opinion was unsupported by substantial evidence or the result of harmful legal error.

   *2.    Ms. Huggins and Ms. Becerra*

Elizabeth Huggins, PMHMP, a treating psychiatric mental health nurse practitioner, opined in September 2019 that plaintiff would have moderate, moderately severe, and severe limitations in all areas of a routine work setting, and that her impairments would preclude an 8-hour workday. Tr. 612-16. Christina Becerra, PMHMP, also a treating psychiatric mental health nurse practitioner, opined in March 2020 that plaintiff would have moderate, moderately severe, and severe limitations in all areas of a routine work setting, except for a mild limitation in performing simple tasks. Tr. 1183-84.

The ALJ found there were inconsistencies between the opinions that rendered them less persuasive, noting as an example that Ms. Huggins opined plaintiff had a severe limitation in her ability to understand, remember, and carry out instructions, whereas Ms. Becerra opined plaintiff had a moderate limitation in that area. Tr. 29. Plaintiff argues the fact the opinions are not identical is not a legitimate reason to reject either opinion. Dkt. 10 at 5-6. But the ALJ did not reject the opinions because they were not identical. Rather, the ALJ identified inconsistencies between opinions from two treating providers, dated within six months of each other.

1    Consistency is one of the two most important factors in assessing medical opinions. 20 C.F.R.

2    § 416.920c(b)(2). The ALJ reasonably found the inconsistencies between the two opinions

3    undermined their persuasiveness.

4         The ALJ also found the providers opined that plaintiff would have difficulty interacting

5    with others, but plaintiff reported in June 2019 that she liked to hang out with her friend and her

6    boyfriend. *Id.* Plaintiff argues that this report is not inconsistent with the opinions. Dkt. 10 at 5.

7    But both providers opined that she would have moderately severe impairment in the ability to

8    relate to other people. Tr. 615, 1183. The ALJ could reasonably conclude that plaintiff's reports

9    about her ability to interact with others was inconsistent with the level of impairment opined by

10   these practitioners.

11        The ALJ found plaintiff stated she is a stay-at-home mom with a special needs child,

12   which the ALJ found to raise the question as to whether plaintiff's continued pain is due to

13   reasons unrelated to her alleged impairments. Tr. 29. It is unclear how plaintiff's role as a parent

14   undermines her reports of pain or these opinions. This was not a legitimate reason to discount

15   these opinions. However, this invalid reason is harmless as the ALJ gave other, valid reasons to

16   discount the opinions. *See Molina*, 674 F.3d at 1122 (error is harmless where it is

17   inconsequential to the ALJ's ultimate nondisability determination).

18        The ALJ found while Ms. Huggins opined plaintiff had a severe limitation in her ability

19   to understand, remember, and carry out instructions and a moderately severe limitation in her

20   ability to perform simple tasks, plaintiff reported elsewhere that she was trying to sell necklaces

21   and quilts she had made. Tr. 29. Plaintiff asserts that this is not a meaningful inconsistency and it

22   therefore does not justify the ALJ's rejection of Ms. Huggins' opinion. Dkt. 10 at 5. But the ALJ

23   could reasonably conclude that the ability to make necklaces and quilts and attempt to sell them,

1   activities that are fairly complex and detailed in nature, was inconsistent with a severe limitation

2   in the ability to follow instructions and moderately severe limitation in the ability to perform

3   simple tasks.

4          Finally, the ALJ found plaintiff has been able to care for a young child and provided care

5   for her mother before her death, both of which can be quite demanding physically and

6   emotionally, and that her ability to do so tends to suggest that she was not as limited as these

7   opinions allege. Tr. 29. Plaintiff argues this finding is based on unfounded speculation about the

8   ability of a disabled person to care for family members. Dkt. 10 at 5. The Court is wary of

9   reliance on general findings about disability claimants' ability to meet typical family obligations

10  such as caring for a child or an ill parent. However, even if the ALJ's reliance on plaintiff's

11  ability to meet family obligations was erroneous, any error is harmless because the ALJ gave

12  other, valid reasons to find these opinions less persuasive.

13         In general, plaintiff's challenges to the ALJ's assessment of Ms. Huggins' and Ms.

14  Becerra's opinions merely propose an alternate interpretation of the evidence. But where, as

15  here, the ALJ's interpretation is rational, this Court may not disturb it. *Thomas*, 278 F.3d at 954.

16  The ALJ gave numerous examples of inconsistencies between these two opinions and between

17  the opinions and other evidence in the record. Plaintiff has failed to demonstrate that the ALJ's

18  decision to discount Ms. Huggins' and Ms. Becerra's opinions was unsupported by substantial

19  evidence or the result of harmful legal error.

20         *3.     Dr. Bendheim*

21         Paul Bendheim, M.D., examined plaintiff in October 2018 and opined plaintiff did not

22  have an impairment that would impose any limitations for 12 continuous months Tr. 537-40. The

23  ALJ noted she had concluded plaintiff had exertional and postural limitations but found that Dr.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 7

1  Bendheim's opinion strongly supported the ultimate conclusion that plaintiff was not disabled.

2  Tr. 29.

3        Plaintiff argues the Court should reject the ALJ's conclusory and contradictory analysis

4  of Dr. Bendheim's opinion and asserts the opinion is contrary to the weight of the evidence from

5  plaintiff's many treating providers, rendering it lacking in both supportability and consistency.

6  Dkt. 10 at 6. But the ALJ rejected Dr. Bendheim's conclusion that plaintiff had no physical

7  impairments, implicitly finding the opinion unsupported and inconsistent with the other

8  evidence. It is unclear what plaintiff would have the ALJ do instead. And plaintiff has not

9  explained how the ALJ's finding that Dr. Bendheim's opinion is in line with the conclusion that

10 plaintiff was not disabled was erroneous. The Court finds no error in the ALJ's assessment of Dr.

11 Bendheim's opinion.

12       Plaintiff also asserts the ALJ erred by denying her request to cross-examine Dr.

13 Bendheim. Dkt. 10 at 6. Before the hearing, plaintiff objected to the admission of non-examining

14 and examining consulting physician opinions and asked that if such opinion were admitted, a

15 subpoena be issued to compel the author's attendance at the hearing. Tr. 373-78. The ALJ denied

16 the request, finding that the reviewing and consulting examiners' testimony was not established

17 to be reasonably necessary for the full presentation of the case. Tr. 282-83. Plaintiff has not

18 submitted any explanation as to why this denial was erroneous. Plaintiff has failed to develop

19 this claim and the Court finds that she has therefore waived it. *See Ve Thi Nguyen v. Colvin*, No.

20 C13-882 RAJ-BAT, 2014 WL 1871054 at * 2 (W.D. Wash., May 8, 2014) (unpublished) (*citing*

21 *Vandenboom v. Barnha*rt, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory

22 assertion that ALJ failed to consider whether claimant met listings because claimant provided no

23 analysis of relevant law or facts regarding listings)); *Perez v. Barnhart*, 415 F.3d 457, 462 n. 4

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 8

(5th Cir. 2005) (argument waived by inadequate briefing); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n. 2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review)).

    *4.    Other medical evidence*

    Although plaintiff argues the ALJ should have interpreted the other medical evidence differently, she fails to demonstrate that the ALJ's interpretation of the medical evidence was unreasonable. Dkt. 10. at 6-14. The Court therefore summarily rejects as unsupported plaintiff's blanket claim that the ALJ misevaluated all other medical evidence.

    **B.    Plaintiff's testimony**

    Plaintiff argues the ALJ failed to properly evaluate her testimony. Dkt. 10 at 15. Where, as here, the ALJ did not find that plaintiff was malingering, the ALJ is required to provide clear and convincing reasons to reject her testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).

    When assessing plaintiff's testimony about her pain and physical limitations, the ALJ found plaintiff has a history of pain and has received treatment for her pain, but diagnostic testing and imaging results have revealed only mild to moderate findings, which would not be expected to result in limitations greater than the RFC finding. Tr. 23. The ALJ also found plaintiff was treated with medication for her neck pain and cervical radiculopathy, but her use of medication did not support a finding that she was more limited than the RFC finding. *Id.*

1      Although lack of supporting objective medical evidence cannot be the sole reason an ALJ

2  discounts subjective complaints, it is a relevant factor the ALJ can consider. *Burch v. Barnhart*,

3  400 F.3d 676, 681 (9th Cir. 2005). And evidence of minimal or conservative treatment is also a

4  valid reason to discount a claimant's credibility. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th

5  Cir. 2008). Plaintiff makes no argument about the ALJ's findings regarding the mild to moderate

6  objective findings or her use of medication. The Court finds no error in the ALJ's assessment of

7  the objective evidence and plaintiff's use of medication as undermining plaintiff's pain

8  testimony.

9      The ALJ noted plaintiff underwent physical therapy but was discharged for

10  noncompliance after she stated she would return to the schedule as soon as she had a babysitter

11  but did not return calls to get on the schedule for over a month. Tr. 23 (citing Tr. 1185). The ALJ

12  found that if plaintiff were experiencing severe and disabling pain as alleged, it would be

13  reasonable to expect her to comply with her treating physician's recommendations, and her

14  failure to do so suggested her symptoms and limitations were not as severe as alleged. *Id.*

15      Unexplained, or inadequately explained, failure to seek treatment or follow a prescribed

16  course of treatment can be a clear and convincing reason to question a claimant's credibility,

17  although the ALJ must consider a claimant's proffered reasons for not doing so. *See Trevizo v.*

18  *Berryhill*, 871 F.3d 664, 679-80 (9th Cir. 2017). Plaintiff argues that the ALJ failed to account

19  for the difficulty plaintiff had obtaining suitable childcare, the difficulty in obtaining treatment

20  during the pandemic, or her limited insight into her mental illness. Dkt. 10 at 15. But the ALJ

21  noted plaintiff's report about needing to find childcare to continue her physical therapy sessions

22  in conjunction with the fact that she did not respond to repeated attempts to contact her about

23  scheduling further appointments. It was not unreasonable for the ALJ to infer from her lack of

1  response to these phone calls that she declined to continue physical therapy, rather than that she

2  was unable to continue due to childcare challenges.

3       As for the other reasons plaintiff proffers, the Court notes plaintiff was discharged from

4  physical therapy for noncompliance in July 2019, many months before the start of the pandemic.

5  Her assertion that the pandemic impeded her ability to obtain treatment is inapplicable to her

6  noncompliance with physical therapy. And plaintiff makes no attempt to connect her assertion

7  about her limited insight into her mental illness and her noncompliance with physical therapy.

8  The court finds no error in the ALJ's finding that plaintiff's failure to continue physical therapy

9  suggested that her pain was not as severe as she alleged.

10      The ALJ discussed additional treatment records, noting mild imaging findings, plaintiff's

11 reports of not taking her medications as prescribed, and minimal treatment for pain after

12 February 24, 2020, before concluding that "there is no question the claimant has a history of

13 treatment for neck and back pain with radiculopathy and that her impairments result in work

14 related restrictions. However, the record does not support a finding that she has been more

15 limited than found in this decision." Tr. 24.

16      Plaintiff asserts the ALJ's analysis is conclusory and not supported by substantial

17 evidence, arguing that the ALJ failed to acknowledge much of the objective evidence that

18 supports plaintiff's allegations. Dkt. 10 at 16. Plaintiff correctly characterizes the ALJ's finding

19 as conclusory—because this is the conclusion to the ALJ's assessment of the evidence as it

20 relates to her pain testimony. The ALJ supported this conclusion with a discussion of the

21 supporting evidence over the preceding two pages. Although plaintiff disagrees with the ALJ's

22 assessment of the evidence, this Court may neither reweigh the evidence nor substitute its

23 judgment for that of the Commissioner. *Thomas*, 278 F.3d at 954. The preceding discussion of

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 11

1   the medical findings and treatment records provides substantial evidence to support the ALJ's
2   conclusion.

3          Finally, the ALJ notes plaintiff's reports of spending time sewing and making jewelry,
4   which the ALJ found to suggest that she had the ability to sit and use her hands, her reports of
5   exercising three to four times per week, the mild to moderate diagnostic findings, and a course of
6   treatment that is not what would be expected if she were as limited as alleged. Tr. 24.

7          Plaintiff asserts that her activities are not inconsistent with her testimony and do not show
8   that she could perform full-time competitive work on a sustained basis. Dkt. 10 at 16. An ALJ
9   may consider a claimant's daily activities when evaluating her testimony. *Light v. Soc. Sec.*
10  *Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ may not penalize a claimant for attempting
11  to live a normal life in the face of her limitations. *See Cooper v. Bowen*, 815 F.2d 557, 561 (9th
12  Cir. 1987). But an ALJ may consider contradictions between a claimant's reported activities and
13  her asserted limitations. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir.
14  1999). The ALJ could reasonably conclude that the activities plaintiff reported contradicted her
15  testimony about her limitations. Plaintiff's assertion to the contrary does not establish error.

16         The ALJ gave clear and convincing reasons to support the decision to discount plaintiff's
17  pain testimony. Plaintiff has not established that this finding was based on legal error or
18  unsupported by substantial evidence.

19  **C.    Lay witness evidence**

20         Plaintiff argues the ALJ failed to properly evaluate the lay witness evidence from
21  Anthony S., plaintiff's father. Dkt. 10 at 17. Lay testimony as to a claimant's symptoms is
22  competent evidence that the ALJ must take into account, unless the ALJ expressly determines to

23

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 12

1  disregard such testimony and gives specific reasons germane to each witness for doing so. *See*

2  *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006).

3        In August 2018, Mr. S. completed a lay witness statement describing his observations of

4  plaintiff, including that she spent her time taking care of her son and attending mental health

5  counseling and support groups; she was able to engage in activities of daily living such as

6  preparing meals, keeping her house neat and orderly, and shopping for groceries and other

7  household items; she had difficulty with stair climbing, bending, following instructions, memory,

8  using hands, and concentration; and she shuts down when experiencing stress. Tr. 331-38.

9        The ALJ found that Mr. S.'s observations overall supported plaintiff's allegations of

10  physical and mental limitations, but nevertheless concluded that they did not outweigh the

11  accumulated medical evidence regarding the severity of plaintiff's impairments. Tr. 29. The ALJ

12  found his observations to be unpersuasive for the same reasons plaintiff's own allegations were

13  not fully persuasive, concluding that they lacked substantial support from objective findings in

14  the record. *Id.*

15        Plaintiff argues that these reasons are not supported by substantial evidence and are not

16  germane reasons to reject Mr. S.'s testimony. Dkt. 10 at 17. However, where an ALJ has

17  provided clear and convincing reasons for discounting a claimant's testimony, those reasons are

18  germane reasons for rejecting similar lay witness testimony. *See Valentine v. Comm'r Soc. Sec.*

19  *Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). The Court has found that the ALJ provided clear and

20  convincing reasons to discount plaintiff's testimony. The ALJ did not err by relying on those

21  same reasons to discount Mr. S.'s statement.

22

23

### D.     RFC and step five finding

Plaintiff argues the ALJ's RFC finding is legally erroneous and not supported by substantial evidence, that the vocational expert's testimony was made in response to hypotheticals that did not include all of plaintiff's limitations and therefore had no evidentiary value, and that the Commissioner failed to meet her burden at step five of showing that there were jobs plaintiff could successfully perform on a continuous basis. Dkt. 10 at 17-18.

But plaintiff's challenges to the ALJ's RFC and step-five findings are based on her previous claims of error, which this Court has rejected. The Court finds that the ALJ's RFC finding and hypothetical to the vocational expert included all the limitations the ALJ found to be supported by substantial evidence, and that the step five finding based upon them is likewise supported by substantial evidence and free of legal error. Plaintiff's challenge of the ALJ's RFC and step five findings based on her previously asserted errors fails.

### CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 8th day of April, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE - 14